UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MEEKER, </br></br>    Plaintiff, </br></br>    v. </br></br> CALIFORNIA STATE PAROLE OFFICE and AGENT BEARD, </br></br>    Defendants. | Case No.: 1:14-cv-01953 - LJO - JLT </br></br> ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT WITH LEAVE TO AMEND |

David Meeker initiated this action by filing a complaint against the California State Parole Office and Parole Agent Beard, alleging the defendants are liable for violations of the "POC"[1] and Americans with Disabilities Act. (Doc. 1.) For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. However, because Plaintiff fails to allege facts sufficient to support his claims for relief, his complaint is **DISMISSED** with leave to amend.

**I.   Motion to Proceed In Forma Pauperis**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28

---

[1] Based upon the allegations of the complaint, it appears the "POC" is the "Parole Outpatient Clinic" program, which assists parolees with mental health problems.

1

U.S.C. § 1915(a)(1).  Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed *in forma pauperis* ("IFP") is granted by the Court.  *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).  The Court has reviewed the application and finds Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a).  Therefore, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.

## II. Screening Requirement

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Further, a plaintiff must identify the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted).

Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal conclusions in the pleading are not entitled to the same assumption of truth. *Id.*

The Court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *See Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citation omitted). Leave to amend a complaint may be granted when the deficiencies of the complaint may be cured. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## IV.     Discussion and Analysis

Plaintiff alleges that he "was to receive bus passes to get around" because he is 63 years old "with [a] number of physical and mental issue[s]." (Doc. 1 at 3.) According to Plaintiff, under the POC program and the Americans with Disabilities Act ("ADA") he was "to receive assistance which was not given." (*Id.*) He asserts that he needed to go to the police station to register, but "was told to walk 10+ miles which was not possible due to [Plaintiff's] disability." (*Id.*) Because Plaintiff failed to go to the police station, Agent Beard arrested him. (*Id.* at 4.)

As an initial matter, Plaintiff has not shown he has any constitutional right to assistance with the POC. The POC was established to assist with parolees' mental health treatment following a period of incarceration. *See* California Dep't of Corrections & Rehabilitation, "Division of Adult Parole Operations—A Five-Year Roadmap to Our Future," available at www.cdcr.gov/parole/road_map/index.html (last visited Apr. 23, 2015); *see also Louis v. Astrue*, 2011 U.S. Dist. LEXIS 89834 *41 (E.D. Cal. Aug. 12, 2011). Given that the purpose of the POC is to help parolees with *mental health treatment*, there is no indication that Plaintiff is entitled to receive *transportation* under the POC.

Furthermore, Plaintiff fails to allege facts sufficient to support a claim under the ADA. Title II of the ADA provides in relevant part: "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To state a cognizable claim for a violation of Title II, a plaintiff allege "(1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303 F.3d 1052 (citing *Weinrich v. Los Angeles County Metro. Transp. Autho.*, 114 F.3d 976, 978 (9th Cir. 1997). Here, there are no facts alleged that support a determination that transportation is service provided by the State Parole Board, or that Plaintiff was denied access to transportation because of his disability.

Finally, this Court has determined that a plaintiff is unable to state a claim against a parole officer for failure to assist him with obtaining transportation. *See Wallace v. Jones*, 2013 U.S. Dist. LEXIS 71368 (E.D. Cal May 2013). In *Wallace*, the plaintiff asserted that the "defendants failed to assist him with obtaining substance abuse treatment, employment, transportation, clothing, food, and shelter." *Id.* at *7. The Court explained, "Although the state must provide constitutionally adequate food, clothing and shelter for incarcerated prisoners, there is no duty for parole officers to ensure that parolees obtain public assistance, housing or medical care." *Id.* at *7-8 (citing *Cady v. Becarri*, 2012 U.S. Dist. LEXIS 173592 (D. Mont. Aug. 23, 2012); *DeShaney v. Winnebago County Dep't. of Social Services*, 489 U.S. 189 (1989)).

### V.     Conclusion and Order

Given the deficiencies of the complaint, the Court will provide Plaintiff with **one opportunity** to clarify his claims and set forth facts sufficient to support the claims for relief. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). The amended complaint must reference the docket number of assigned to this case and must be labeled "First Amended Complaint."

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superseded

pleading." Local Rule 220. Thus, once Plaintiff files an amended complaint, Plaintiff's original complaint will not serve any function in the case. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing *London v. Coopers & Lybrand*, 644 F2d 811, 814 (9th Cir. 1981)); *accord*. *Forsyth*, 114 F.3d at 1474.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to proceed in forma pauperis is **GRANTED**;
2. Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**;
3. Within twenty-one days from the date of service of this order, Plaintiff **SHALL** file an amended complaint curing the deficiencies identified by the Court in this order; and
4. **If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **April 26, 2015**                    /s/ Jennifer L. Thurston
                                               UNITED STATES MAGISTRATE JUDGE