1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11 | DAVID MEEKER,                                 ) Case No.: 1:14-cv-01953 - LJO - JLT
                                                  )
12 |                 Plaintiff,                    ) ORDER TO PLAINTIFF TO SHOW CAUSE WHY
                                                  ) THE ACTION SHOULD NOT BE DISMISSED
13 |         v.                                    ) FOR HIS FAILURE TO PROSECUTE AND
                                                  ) FAILURE TO COMPLY WITH THE COURT'S
14 | CALIFORNIA STATE PAROLE OFFICE               ) ORDER
     and AGENT BEARD,                             )
15 |                                               )
                                                  )
16 |                 Defendants.                   )
                                                  )
17 | _____ )

18          Plaintiff asserts Defendants are liable for violations of the "POC"[1] and Americans with

19  Disabilities Act.  (Doc. 1)  The Court reviewed the allegations of the complaint pursuant to 28 U.S.C.

20  § 1915(e)(2), and determined Plaintiff failed to state a cognizable claim.  (Doc. 9.)  The Court

21  dismissed the complaint with leave to amend on April 27, 2015, and ordered Plaintiff to file an

22  amended complaint within twenty-one days from the date of service.  (*Id.* at 5.)  To date, Plaintiff has

23  failed to comply with or otherwise respond to the Court's order.

24          The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

25  party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

26

27  _____

28          [1] Based upon the allegations of the complaint, it appears the "POC" refers to the "Parole Outpatient Clinic"
     program.

1

and all sanctions . . . within the inherent power of the Court."  Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause in writing **within 14 days** of the date of service of this Order why the action should not be dismissed for his failure to prosecute and failure comply with the Court's order or, in the alternative, to file an amended complaint.

IT IS SO ORDERED.

Dated:   **May 29, 2015**                     **/s/ Jennifer L. Thurston**
                                         UNITED STATES MAGISTRATE JUDGE

2