# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MEEKER,<br><br>   Plaintiff,<br><br>   v.<br><br>CALIFORNIA STATE PAROLE OFFICE and AGENT BEARD,<br><br>   Defendant. | Case No.: 1:14-cv-01953 - LJO - JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDERS |

Plaintiff initiated this action by filing a complaint on December 8, 2014. (Doc. 1.) Because Plaintiff has failed to comply with the Court's orders and failed to prosecute this action by filing an amended complaint, the Court recommends the action be **DISMISSED** without prejudice.

**I.    Background**

Plaintiff asserts Defendants are liable for violations of the "POC"[1] and Americans with Disabilities Act. (Doc. 1.) The Court reviewed the allegations of the complaint pursuant to 28 U.S.C. § 1915(e)(2), and determined Plaintiff failed to state a cognizable claim. (Doc. 9.) Therefore, the complaint was dismissed with leave to amend on April 27, 2015. (*Id.* at 5.)

When Plaintiff failed to file an amended complaint, the Court issued an order to show cause on May 29, 2015, which contained a warning that failure to prosecute an action and failure to obey the Court's orders may result in dismissal of the action. (Doc. 10 at 1-2.) Plaintiff was ordered "to show

---

[1] Based upon the allegations of the complaint, it appears the "POC" refers to the "Parole Outpatient Clinic" program.

1

cause within fourteen days of the date of service of th[e] Order why the action should not be dismissed for his failure to comply with the Court's order or, in the alternative, to file an amended complaint." (*Id.* at 2, emphasis omitted.)  Again, Plaintiff failed to respond to the Court's order.

## II.     Failure to Prosecute and Obey the Court's Orders

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## III.    Discussion and Analysis

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal").  The risk of prejudice to the defendant also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Similarly, the Court has an interest in

managing its docket, given that the Eastern District of California is one of the busiest district courts in the United States and its District Judges carry the heaviest caseloads in the nation.  Because Plaintiff has failed to file an amended complaint, despite its necessity for the matter to proceed, the Court's interest in managing its docket weighs in favor of dismissal. *See Ferdik*, 963 F.2d at 1261 (recognizing that district courts have an inherent interest in managing their dockets without being subject to noncompliant litigants).

Notably, when the Court dismissed the complaint with leave to amend, Plaintiff was warned: "**If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.**"  (Doc. 9 at 5, emphasis in original.)  In addition, in the order to show cause, Plaintiff was warned that an action may be dismissed "based on a party's failure to prosecute an action or failure to obey a court order."  (Doc. 10 at 2.)  Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's orders, and her failure to prosecute the action.  These warnings that failure to comply with the Court's orders would result in sanctions, including dismissal of the action, satisfy the requirement that the Court consider less drastic measures. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  Given these facts, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal.

**IV.    Findings and Recommendations**

Plaintiff has failed to comply with the Court's orders dated April 27, 2015 (Doc. 9) and May 29, 2015 (Doc. 10), and has failed to prosecute this action by filing an amended complaint.

Accordingly, **IT IS HEREBY RECOMMENDED**:

1.    The action be **DISMISSED** without prejudice; and

2.    The Clerk of Court be DIRECTED to close this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

1 waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

    Dated:   **June 19, 2015**                   **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE